UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | |
| | : | C.R. NO.: 08-42ML |
| ANGEL FIGUEROA | : | |

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A VARIANCE FRO THE RECOMMENDED GUIDELINE RANGE**

The Pre-Sentence investigation report for this matter was prepared on July 22, 2008. This report on page 11 indicated an offense level of 25 and a criminal history category of III, resulting in a guideline range of 70 to 87 months. Defendant argues for a downward departure from this range based on the sentencing factors enumerated in 18 U.S.C. §3553 in light of the decision by the Supreme Court of the United States in United States v. Booker, 125 S. Ct. 738 (2005) (holding the federal sentencing guidelines are no longer binding on federal sentencing courts and sentences, therefore, will be reviewed on appeal under a standard of reasonableness) and base on U.S.S.G. § 4A1.3 (b)(1).

18 U.S.C. §3553 (a) mandates that "the court shall impose a sentence sufficient, **but not greater than necessary,** to comply with the purposes set forth in paragraph (2) subsection." (emphasis added) The bolded language clearly indicted that the court is constrained to impose the minimum sentence that will comply with the following purposes: the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, And to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public form further crimes of the defendant; and

(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

Also, under 18 U.S.C. §3553 AT (1) the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

The defendant's situation with respect to the instant matter reveals the alleged involvement of what could be considered that of low level pawn with regard to his involvement. The discovery and pre-trial proceedings reveal that the defendant's role is that of a so called "bagger" of heroin who lived in squalor in a small apartment. The heroin was packaged in a manner to allow a "runner" to pick it up. In addition the defendant himself began to ingest heroin as well as other narcotics.

The unfortunate reality of incarcerations for Mr. Figueroa means that his live in girlfriend, Ms. Tiffany Marie Zincone and their one child, Angel Manuel Zincone age 10 months, will suffer without Mr. Figueroa's presence. A four level downward departure would bring Mr. Figueroa's total offense level to 21 and a criminal history category of III making his guideline range 46-57 months. Such a sentence would certainly reflect the seriousness of the instant offense and afford adequate deterrence to any prospective criminal conduct. The defendant further asserts that if this Honorable Court were to depart downward from the recommended guideline range it would not represent a travesty of justice or represent a concern for society at large.

/s/ Joseph J. Voccola
Joseph J. Voccola, Esq. (Bar # 4132)
454 Broadway
Providence, RI 02909
(401) 751-3900
(401) 751-8983 (Fax.)

CERTIFICATION

I hereby certify that a true copy of the within was electronically filed to the United States District Court, for the District of Rhode Island, Office of the clerk www.riduscourts.gov and to Mary Rogers, US Attorney General, maryrogers@doj.gov on this _____ day of August 2008.